UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   17-cv-01249-MWF (KS)                                            Date: May 1, 2018

Title       *Hector Ayala v. Brandon Price, Warden*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE:  DISMISSAL**

On June 14, 2017, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)  According to the Petition, on July 16, 2003, Petitioner was sentenced to 6 years in prison after he pleaded guilty to lewd and lascivious acts against a minor under 14 years of age and failure to register as a sex offender (violations of California Penal Code §§ 288a and190).  (Petition at 2.)  Petitioner did not appeal. (Petition at 3.)

On August 24, 2016, more than twelve years after his conviction became final, Petitioner filed a petition for writ of habeas corpus in the San Bernardino County Superior Court (case no. WJCKS1600139), which denied the petition as untimely on December 19, 2016. (Pet. at 3; *and see* Exhibit 4 to Petition at Page ID 247[1].)  On December 22, 2016, Petitioner sought collateral review in the California Court of Appeal (case no. E067422), which summarily denied relief on January 18, 2017. (Petition at 5; *see also* Attachment at Page ID 259.)   Petitioner then pursued habeas relief in the California Supreme Court (case no. S239810), which denied relief on April 12, 2017 without comment or citation to authority.  (*See* Petition, Attachment at Page ID 287.)

The Petition presents two claims for relief:  (1) Petitioner's guilty plea was "misadvised" and not knowingly and intelligently entered into because Petitioner alleges that he was not advised by his trial counsel that he would be subject to potentially indefinite confinement under the Sexually Violent Predator Act ("SVP Act"); and (2) Petitioner received ineffective assistance of counsel in connection with Petitioner's entering into the plea agreement because counsel allegedly failed to advise Petitioner of the true consequences of his plea. (Pet. at 5-6.)

---
[1]     For ease of reference, the Court cites to the more than 200 pages of exhibits attached to the form petition using the CM/ECF page identifiers.

Case No.   17-cv-01249-MWF (KS)                                            Date: May 1, 2018

Title    *Hector Ayala v. Brandon Price, Warden*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court has identified a defect in the Petition that suggests that it must be dismissed.

The Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claims presented could have been discovered through due diligence.

*See* 28 U.S.C. § 2244(d)(1). The limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is commonly referred to as "gap tolling." *See Carey v. Saffold*, 536 U.S. 214 (2002).

Here, Petitioner's conviction became final on October 14, 2003, *i.e.*, 90 days after he was convicted and sentenced on July 16, 2003. Therefore, absent tolling, Petitioner was required to file his federal habeas petition no later than October 14, 2004, that is, within one year after his sentence became final. A habeas petitioner may be entitled to gap tolling of the limitations period during the pendency of collateral proceedings in state court, but here, Petitioner did not seek collateral review until more than twelve years *after* the AEDPA statute of limitations had expired. When, as here, a petitioner waits to initiate his state habeas proceedings until after the

federal statute of limitations has lapsed, statutory tolling is not available. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The Petition also does not suggest that Petitioner that is entitled to equitable tolling. Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor established diligence in pursuing his rights since the conclusion of direct review. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).

Instead, Petitioner appears to argue that he is entitled to relief by pointing to changes to the SVP Act under California law that now provide for an indeterminate term of incarceration. On that basis, he argued in his state court habeas proceedings that the California Supreme Court's decision in *People v. Moore*, 69 Cal.App.4th 626 (1998) should "no longer be controlling." (*See* Petition, Exhibit 3 at Page ID 194 (Petition for Review to the California Supreme Court).) But even if amendments to California's SVP Act announced a new rule that bears on Petitioner's claims, Petitioner has not established that the United States Supreme Court has announced any newly recognized right that "has been made retroactively applicable to cases on collateral review" as required to establish an alternative commencement date under 28 U.S.C. § 2244(d)(1)(C). Thus, Petitioner does not demonstrate that 28 U.S.C. § 2244(d)(1)(C) is applicable here. He also has not demonstrated extraordinary circumstances or diligence in pursuing his claims in the intervening years between when his conviction became final and the filing of this Petition.

Accordingly, the Petition must be dismissed as untimely.

Nevertheless, in the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before June 1, 2018 why the Petition should not be dismissed** – that is, Petitioner must file, no later than **June 1, 2018**, a First Amended Petition For Writ Of Habeas Corpus that: includes specific factual allegations demonstrating that *either* the Petition is timely under 28

U.S.C. § 2244(d)(1) *or* Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | rh |